NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO ANTONIO PINDTER-BONILLA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.   15-70079

Agency No. A205-299-907

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2018
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and TEILBORG,[**] District Judge.

Marco Antonio Pindter-Bonilla, a native of Mexico and citizen of both

Mexico and Nicaragua, appeals from the Board of Immigration Appeals' ("BIA")

dismissal of his appeal of an Immigration Judge's ("IJ") decision denying his

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Pindter-Bonilla's petition for review.

As to withholding of removal based on past persecution in Mexico, substantial evidence supports the BIA's conclusion that Pindter-Bonilla's kidnappers were not motivated by his status as a Central American migrant. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Instead, the kidnappers' phone call to Pindter-Bonilla's family member indicates the kidnappers' motives were rooted in financial gain. Although the IJ and BIA did not apply the "a reason" standard articulated in *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), this error does not require remand because the IJ and BIA concluded that a protected ground was not a reason at all—versus one of many reasons—for the past persecution. Substantial evidence also supports the BIA's conclusion that Pindter-Bonilla did not establish a clear probability of future persecution. In particular, Mexico has passed comprehensive migrant laws and there was otherwise no evidence Pindter-Bonilla was at an individualized risk of future persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009).

Similarly, substantial evidence supports the BIA's conclusion that Pindter-Bonilla did not establish a clear probability of future persecution in Nicaragua. Pindter-Bonilla fears persecution in Nicaragua based on the possibility others will

impute his mother's anti-Sandinista government opinions to him. However, Pindter-Bonilla cites no evidence that places him at an individualized risk of future persecution. Moreover, his family members—who previously fled Nicaragua due to their own anti-Sandinista political views—have returned to Nicaragua without harm.[1] *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) (recognizing that ongoing family safety may mitigate a well-founded fear of future persecution).

Substantial evidence also supports the BIA's denial of CAT relief for both Mexico and Nicaragua because there is no specific evidence that Pindter-Bonilla will be subject to a "*particularized threat* of torture" upon his return to either country. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). Rather, Pindter-Bonilla's reliance on his membership in disfavored groups is insufficient to warrant CAT relief.

Accordingly, the petition is **DENIED**.

---

[1] Pindter-Bonilla also argues he is a member of a disfavored group comprised of individuals with drug-related convictions and fears persecution in both Mexico and Nicaragua on this basis. Pindter-Bonilla did not present this argument to the BIA, and the BIA did not address this theory for relief. Thus, we lack jurisdiction over this claim. *See Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").